UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Janet Marie DelFuoco

    v.                       Case No. 19-cv-1245-JD

Gordon MacDonald et al.[1]

**O R D E R**

Plaintiff Janet DelFuoco has filed this action under 42 U.S.C. § 1983 asserting that the defendants, employees of the Office of the New Hampshire Attorney General ("AG's Office") and employees of the Granite State Credit Union ("GSCU"), have violated her federal constitutional and statutory rights. Because Ms. DelFuoco is proceeding pro se and in forma pauperis, the matter is before the court for preliminary review pursuant to 28 U.S.C. § 1915(e) and LR 4.3(d)(2).

As fully explained in the Report and Recommendation ("R&R") issued simultaneously with this Order, the court finds that Ms. DelFuoco has asserted claims against AG's Office investigator Richard Tracey, identified in the R&R as Claims 2 and 3(a)-(c),

---

[1]Plaintiff names the following defendants in the complaint: New Hampshire Attorney General ("AG") Gordon MacDonald, AG's Office Investigator Richard Tracey, Assistant AG Lisa Wolford, Assistant AG Erin Fitzgerald, and Granite State Credit Union employees Denise Barstow, Bob Fluery, Tracey Healey, and Jody Ducharme.

which may proceed at this time.  Accordingly, the court directs service of the amended complaint (Doc. No. 1) on Mr. Tracey.

The clerk's office is directed to serve the AG's Office, as provided in the Agreement on Acceptance of Service, electronic copies of the complaint (Doc. No. 1), the R&R issued this date, the Order on Severance issued this date, and this Order.  Within thirty days of receipt of these materials, the AG must submit an Acceptance of Service notice to the court's specifying whether Richard Tracey has authorized the AG's Office to receive service on his behalf.  If Mr. Tracey accepts AG's Office representation, service will be deemed made on the last day of the thirty-day period once the AG's Office files the Acceptance of Service notice.

If Mr. Tracey does not authorize the AG's Office to receive service on his behalf, or the AG's Office declines to represent him, the AG's Office shall, within thirty days from receipt of the aforementioned materials, provide to the court Mr. Tracey's last known address.  In that event, the Clerk's office is instructed to complete and issue a summons for the defendant, using the last known address provided, and to forward the summons, along with copies of the documents listed above, to the United States Marshal for the District of New Hampshire, to complete service on the defendant in accordance with this Order and Fed. R. Civ. P. 4(c)(3) and 4(e).

Defendant is instructed to answer or otherwise plead within twenty-one days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

After the complaint is served, plaintiff may serve documents on the defendant, or his attorney(s) who have appeared in this action, in accordance with Fed. R. Civ. P. 5(b) or AP 2.8(b).  Thus, to the extent any party, or attorney for a party, is registered to use the court's electronic filing system, plaintiff need not serve a hard copy of his filings on that party or attorney, as a party using the electronic filing system will receive notice when plaintiff's documents are filed in the court.  Discovery that may not be filed in court must be served by mail.  A certificate of service must be included with all filings, in accordance with Fed. R. Civ. P. 5(d)(1) and LR 5.1(d).

SO ORDERED.

*Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

June 24, 2020

cc:  Janet Marie DelFuoco, pro se