UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Janet Marie DelFuoco

   v.                                     Case No. 19-cv-1245-JD

Gordon MacDonald et al.[1]

**REPORT AND RECOMMENDATION**

Plaintiff Janet DelFuoco has filed this action under 42 U.S.C. § 1983 asserting that the defendants, employees of the Office of the New Hampshire Attorney General ("AG's Office") and employees of the Granite State Credit Union ("GSCU"), have violated her federal constitutional and statutory rights. Because Ms. DelFuoco is proceeding pro se and in forma pauperis, the matter is before the court for preliminary review pursuant to 28 U.S.C. § 1915(e) and LR 4.3(d)(2).

**Preliminary Review Standard**

The court conducts a preliminary review of complaints filed by pro se litigants proceeding in forma pauperis. See 28 U.S.C.

---

[1] Plaintiff names the following defendants in the complaint: New Hampshire Attorney General ("AG") Gordon MacDonald, AG's Office Investigator Richard Tracey, Assistant AG Lisa Wolford, Assistant AG Erin Fitzgerald, and Granite State Credit Union employees Denise Barstow, Bob Fluery, Tracey Healey, and Jody Ducharme.

§ 1915(e)(2); LR 4.3(d)(2).  In considering whether a pro se complaint states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The court then determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Claims may be dismissed, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e); LR 4.3(d)(2).

**Background**

Ms. DelFuoco asserts that, beginning in 2016, she was involved in civil litigation concerning a mortgage on her property held by the GSCU where Ms. DelFuoco was a member.  Ms. DelFuoco states that that litigation left her in "significant financial and mental stress."  Compl. (Doc. No. 1, at 1).  Ms. DelFuoco expressed her stress in a post made on her personal Facebook page that "explain[ed] her belief in the Wiccan religion and what she believes to be Karma."  Id.  Ms. DelFuoco removed the post after approximately two hours, but not before

2

Jody Ducharme, a GSCU employee tasked with monitoring Ms. DelFuoco's social media, saw the post and reported to Richard Tracey, an investigator at the AG's Office.

Mr. Tracey investigated whether Ms. DelFuoco's posts constituted criminal threatening of government officials under N.H. Rev. Stat. Ann. § ("RSA") 631:4-a, II.[2]  As part of that investigation, Mr. Tracey obtained warrants to search both Ms. DelFuoco's Facebook account content and the contents of her cell phone, without her knowledge.

After that investigation, Ms. DelFuoco was charged with, arrested for, and tried on four felonies and one misdemeanor for criminally threatening government officials in one or more Facebook posts.  Assistant Attorneys General Lisa Wolford and Erin Fitzgerald prosecuted the matter.  During their presentation of the case, the complaint alleges, prosecutors told the jury that Wicca was "a scam and not a believable religion."  Compl. (Doc. No. 1, at 5).  The jury acquitted Ms. DelFuoco of all charges.

### Claims

Construed liberally, Ms. DelFuoco asserts, in her

---

[2]Under state law, violations of RSA 631:4-a, I & II are prosecuted by the AG's Office.  <u>See</u> RSA 631:4-a, III.

3

complaint, the following claims for relief:

1. GSCU employee Jody Ducharme violated Ms. DelFuoco's First Amendment rights to free speech and to freely exercise her religion, in that Ms. Ducharme retaliated against Ms. DelFuoco by forwarding Ms. DelFuoco's Facebook post, expressing Ms. DelFuoco's belief in the Wiccan religion and Karma to the AG's Office for investigation and prosecution.

2. AG's Office Investigator Richard Tracey violated Ms. DelFuoco's First Amendment rights to free speech and to freely exercise her religion, in that Mr. Tracey investigated whether Ms. DelFuoco committed a crime when she published a post on Facebook expressing belief in the Wiccan religion and Karma, and caused Ms. DelFuoco to be arrested and prosecuted for criminal threatening as a result of the contents of her Facebook post.

3. Mr. Tracey unreasonably and improperly sought, obtained, and executed warrants to search Ms. DelFuoco's Facebook account and cell phone, based on Ms. DelFuoco's exercise of her First Amendment rights to free speech and to freely exercise her religion, in violation of Ms. DelFuoco's Fourth Amendment rights:

   a. to be secure in her property,

   b. to privacy, and

   c. not to be subject to malicious prosecution.

4. Assistant Attorneys General Lisa Wolford and Erin Fitzgerald stated to the jury at Ms. DelFuoco's criminal trial, that "Wicca is a scam and not a believable religion," in violation of:

   a. Ms. DelFuoco's First Amendment right to freely exercise her religion; and

   b. Ms. DelFuoco's Fourth Amendment right not to be subject to a malicious prosecution.

5. The defendants' actions relating to the investigation of Ms. DelFuoco for criminal threatening, and to Ms.

4

>    DelFuoco's criminal prosecution, violated her rights under
>    the whistleblower protection and anti-retaliation
>    provisions of:
>
>    a.   Title VII of the Civil Rights Act of 1964 ("Title
>    VII"),
>
>    b.   The Sarbanes-Oxley Act of 2002 ("Sarbanes-
>    Oxley"), and
>
>    c.   The Dodd-Frank Wall Street Reform and Consumer
>    Protection Act ("Dodd-Frank").

## Discussion

I. <u>Claims Which May Proceed Against Richard Tracey</u>

The court finds that Ms. DelFuoco has stated sufficient facts to allow the claims identified above in this Report and Recommendation ("R&R") as Claims 2 and 3(a)-(c) to proceed against Mr. Tracey. In an Order issued simultaneously with this R&R, the court directs service of this action on Mr. Tracey.

II. <u>Claims Asserted on Behalf of Ms. DelFuoco's Minor Son</u>

Ms. DelFuoco asserts in her complaint that the defendants' actions have caused harm to her minor child (who is not named as a plaintiff in this case). As a self-represented non-attorney plaintiff, Ms. DelFuoco may not litigate claims on behalf of anyone but herself, including her minor child. <u>See</u> <u>28 U.S.C. § 1654</u>; LR 83.2(d); <u>cf.</u> <u>Maroni v. Pemi-Baker Reg'l Sch. Dist.,</u>

5

346 F.3d 247, 249 (1st Cir. 2003) (noting that "usual common law rule prevent[s] non-attorney parents from proceeding pro se on behalf of their minor child"); see also Ethan H. v. New Hampshire, 968 F.2d 1210, 1992 U.S. App. LEXIS 28810, at *2, 1992 WL 167299, at *1 (1st Cir. 1992) (unpublished table decision) ("non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child" (citation omitted)).  Accordingly, the court construes this action to have been brought by Ms. DelFuoco, acting only on her own behalf. The district judge, therefore, should dismiss all of the claims in this matter to the extent they are asserted on behalf of Ms. DelFuoco's minor son.

III. Employee Whistleblower Claims

In Claims 5(a)-(c), Ms. DelFuoco asserts she is entitled to relief for the defendants' adverse acts against her, which she alleges were made in retaliation for her previous litigation and complaints against the GSCU.  Ms. DelFuoco asserts that her membership in that credit union entitles her to the whistleblower and anti-retaliation protections against adverse employer action which would be afforded to GSCU employees under Title VII, Sarbanes-Oxley, and Dodd-Frank Act.  None of those statutes, nor any other legal authority of which the court is

6

aware, provides support for the proposition that a credit union member is entitled to statutory whistleblower and anti-retaliation protections afforded to credit union employees. Accordingly, Ms. DelFuoco has failed to demonstrate that she is entitled to relief on the claims identified here as Claims 5(a)-(c), and the district judge should dismiss those claims.

IV.   Claims Against Attorneys Wolford and Fitzgerald

Ms. DelFuoco alleges that Attorneys Wolford and Fitzgerald, the prosecutors in her state court criminal case, violated her First Amendment rights by making statements to the jury during trial which were dismissive of or offensive to her religious beliefs, and essentially weaponized her religious beliefs to obtain a conviction.  Absolute prosecutorial immunity shields state prosecutors from civil liability for engaging in "prosecutorial actions that are 'intimately associated with the judicial phase of the criminal process.'"  Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).  "[P]rosecutors are absolutely immune in exercising the core prosecutorial functions of 'initiating a prosecution and . . . presenting the State's case.'"  Penate v Kaczmarek, 928 F.3d 128, 135 (1st Cir. 2019) (quoting Imbler, 424 U.S. at 431).

The prosecutors' conduct underlying the claims identified here as Claims 4(a)-(b) was undertaken during argument or presentation of evidence to the jury, and as such, was part of the core prosecutorial function of "presenting the State's case." Penate, 928 F.3d at 135. Accordingly, the district judge should dismiss Claims 4(a)-(b) and should drop Attorneys Wolford and Fitzgerald from this action as defendants.

V.   New Hampshire Attorney General Gordon MacDonald

Ms. DelFuoco names New Hampshire Attorney General Gordon MacDonald as a defendant to this action, but the complaint does not include any factual allegations as to what Attorney MacDonald did or failed to do to violate Ms. DelFuoco's rights. To the extent Ms. DelFuoco seeks to assert claims under § 1983 against Attorney MacDonald in his capacity as supervisor, the plaintiff must assert facts to show the existence of an "'affirmative link' between the behavior of the subordinate and the action or inaction of his supervisor . . . such that 'the supervisor's conduct led inexorably to the constitutional violation.'" Maldonado v. Fontanes, 568 F.3d 263, 275 (1st Cir. 2009) (citations omitted).

Ms. DelFuoco has not asserted facts to demonstrate that Attorney General MacDonald engaged in any conduct himself that

8

violated her rights, or that he took any action which "led inexorably" to any violation of her rights. Accordingly, Ms. DelFuoco has failed to state any claim against Attorney General MacDonald upon which relief might be granted based on his own conduct or under a theory of supervisory liability.

To the extent Ms. DelFuoco seeks to bring damages claims against Attorney MacDonald in his official capacity, which is another way of suing the AG's Office, such a suit is barred by the sovereign immunity doctrine of the Eleventh Amendment, which generally precludes suits against states or state agencies by private individuals in federal court, absent certain exceptions not applicable here. See Va. Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 253-54 (2011); Davidson v. Howe, 749 F.3d 21, 27 (1st Cir. 2014). Accordingly, Ms. DelFuoco has failed to state any claim upon which relief might be granted against Attorney MacDonald, and the district judge should drop him from this action as a defendant.

VI.  Claims Against GSCU Employees

   A.   Constitutional Claims Asserted Against Jody Ducharme

In the claim identified in this R&R as Claim 1, Ms. DelFuoco asserts that that Ms. Ducharme, a GSCU employee, violated her constitutional rights while performing tasks

9

pursuant to that employment.  The United States Constitution, however, "erects no shield against merely private conduct, however . . . wrongful." Blum v. Yaretsky, 457 U.S. 991, 1002 (1982).  Section 1983 provides a cause of action against individuals who, while acting under color of state law, violate the federal constitutional rights of another, see Gray v. Cummings, 817 F.3d 1, 7-8 (1st Cir. 2019).  A private party can be held to be a state actor for purposes of § 1983 only under limited circumstances, none of which are present here.  See Blum, 457 U.S. at 1004-05 (describing circumstances under which a private actor can be deemed to be a state actor for purposes of § 1983).

    The fact that Ms. Ducharme reported Ms. DelFuoco's Facebook post to the AG's Office investigator did not make Ms. Ducharme a state actor for purposes of § 1983.  See Betts v. Shearman, 751 F.3d 78, 85 (2d Cir. 2014) (providing information to police that led to police action against plaintiff did not make reporter a state actor for purposes of § 1983).  Because Ms. Ducharme is a private actor, and thus is not amenable to suit for a violation of Ms. DelFuoco's constitutional rights, the district judge should dismiss Claim 1, and drop Ms. Ducharme from this action as a defendant.

B. <u>Other GSCU Employees</u>

Ms. DelFuoco names GSCU employees Denise Barstow, Bob Fluery, and Tracey Healey as defendants to this action. The complaint does not mention those defendants in the narrative, and nothing in Ms. DelFuoco's allegations demonstrate that any of those defendants engaged in any action that violated Ms. DelFuoco's rights in a manner actionable in this suit. Accordingly, the district judge should dismiss the claims asserted against Denise Barstow, Bob Fluery, and Tracey Healey, and drop them as defendants.

**Conclusion**

For the foregoing reasons, the court recommends that the district judge: dismiss the claims identified in this R&R as Claims 1, 4(a)-(b), and 5(a)-(c); dismiss all of the claims in this action to the extent those claims are asserted on behalf of the plaintiff's minor son; and drop the following defendants from this action: Attorney Gordon MacDonald, Attorney Lisa Wolford, Attorney Erin Fitzgerald, Jody Ducharme, Denise Barstow, Bob Fluery, and Tracey Healey, as to whom no actionable claims are pleaded. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. <u>See</u> Fed. R. Civ. P. 72(b)(2). The fourteen-day

period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 24, 2020

cc:   Janet Marie DelFuoco