UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Janet M. DelFuoco

Plaintiff(s)

v.

Case No. 1:19-cv-01245-JD

N.H. Attorney general, Granite state credit union

Defendant(s)

MOTION TO/FOR Objection to parts of R.R. decision on 6/24/2020

(enter title of motion)

1. Discussion for claim regarding Granite State Credit Union, and the employees listed.

A. During a bank procedure G.S.C.U. failed to follow state and federal truth in lending act, 15.U.S.C. s 1601 et.seq. RSA chapter 358-K. this led to several court procedures and Ms. Delfuocos own personal finances being disrupted. case number 218-2016-cv-01140. Delfuoco vs GSCU and visa versa, 218-2016-cv-00060, GSCU vs. Janet DelFuoco.

B. Ms. DelFuoco credit score was lowered causing financial hardship for a new home mortgage and purchases of necessity.

C. GSCU had taken Ms. Delfuoco to court for a restraining order to stop speaking about the problems she was having with the credit union and its deception of banking practices. GSCU had already displayed in court they where following her on social media. Judge Anderson found for Ms. Delfuoco and the case was dismissed. Leading GSCU to keep following Ms. Delfuoco on social media and stalking her. keeping a file of her with nothing to do with GSCU.

D. the outcome of granite state credit union has cost Ms. Delfuoco thousands in mortgage loan interest and years of financial distress for a home that was purchased in 2001 for 127,000. this loan would have been paid of in dec, of 2020. now Ms. Delfuoco was forced to sign on by GSCU with threats and ultimatums. she was left with no choice but to sign on with them. After the trial and seeing what they were capable of retaliation with a GSCU employee who clearly lied on the stand under oath, threw Ms. DelFuoco into a nervous breakdown seeking counseling and refinancing her home yet again now adding even more thousands of dollars and years to a loan that will proceed past a retirement age. Ms. Delfuoco went from a 20 year loan originally on th ehouse to a 15 year loan to a 25 year loan to date, remmeber this original loan was for only 127, she now owes 104.

Discussion 2. the attorney general is not immune to a charge or claim under two statues,

A. Bivens action circumstantial evidence, Mcdonnell Douglas corp vs. green 411 us 792 (1973),

B. The color of the law, de jure segregation. During the April trial against Ms. DelFuoco it was clear

and present the Ag office and prosecutors not only fabricated evidence, but prompted witnesses to falsified testimony on the stand. the discovery interviews and trial testimony for most didn't add up to the same story.

example: a GSCU employee Jody D. told the ag in discovery testimony she was hired to watch Ms. DelFuoco page continuously, during the trial she told the ag there was an app she would use that would ping her when the word gscu came up. Ms. Delfuoco proved that none of the evidence post had anything to do with GSCU and there was no ping. this again is prompting a witness to lie under oath in a court of law. Again making M. Delfuoco to be very nervous and anxiety attacks happening while she watched this illegal act take place with no recourse. this would constitute under legal remedies for Ms. DelFuoco NH constitution pt1 art14, pending Freddy gray vs Mosly.

the actions of the attorney general and the GSCU is clear they worked together to silence her from a previous bad move on the part of GSCU. this has led to destruction of character, loss of physical and enjoyment and stated before, (drs notes can be provided along with counselors and dentist.) Ms. Delfuoco was forced to go pro se and before the trial found she had stage one cancer and needed surgery. the surgeon noted in his notes" its remarkable she is only taking tylonal for the pain control" I was in severe pain in the hospital but had to prepare for my trial o had to live past it and suffer through it. the dr. removed a tumor, my appendix, and a small part of my large intestines. during the trial I had pneumonia. I have fractured my teeth from the nightmares of losing my home, being stalked and even killed because of speaking out. I have an underlaying disease in which has acted up over the last years from this stress, gained weight, and my pain has increased. ( all documented by drs).

the press had a field day with me so that was loss of reputation by announcing my secondary religion, loss of employment due to this and being able to improve my financial and social statues. I ask the court to reconsider their decision and let the other parties stand trial along side Mr. Tracey for he didnt act alone in this.

Enter text of motion using numbered paragraphs (explain what you want the court to do). The field will expand as you type.

Date: July3 20202

Janet DelFuoco
_____
Signature

## MEMORANDUM OF LAW

Pursuant to LR 7.1(a)(2), every motion shall be accompanied by a memorandum with citations to supporting authorities or a statement explaining why a memorandum is unnecessary.

☐ I have attached a supporting memorandum of law to this motion.

☒ I have NOT attached a memorandum of law because none is required (explain your reasoning below).

added it to motion with explination

## CONCURRENCES SOUGHT

Pursuant to LR 7.1(c), any party filing a motion other than a dispositive motion (a dispositive motion seeks an order disposing of one or more claims in favor of the moving party, for example, a motion to dismiss or a motion for summary judgment) shall certify to the court that a good faith attempt has been made to obtain concurrence/agreement in the relief sought. If concurrence is obtained, the moving party shall so note.

I certify the following (choose one):

☐ All parties have assented/agreed to this motion.

☐ I made a good faith attempt, but was unable to successfully obtain concurrence/agreement from all parties.

☒ I have NOT attempted to obtain concurrence/agreement because it is not required.

## CERTIFICATE OF SERVICE

I hereby certify that this motion was served on the following persons on the date and in the manner specified below:

Person(s) served electronically (via ECF):

Person(s) served by mail. Please include address(es):

FROM:
DelRusso
259 Bow ST
Northwood NH
03261

TO:

U.S. District Court
of N.H.
55 Pleasant ST #110
Concord NH 03301

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; October 2018; All rights reserved.

um weight is 4 lbs.



# PRIORITY MAIL



EP14F Oct 2018
OD: 12 1/2 x 9 1/2

✱ Domestic only.    ✕ For Domestic shipments, the maximum weight is 70 lbs. For Inter