```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

Janet Marie DelFuoco

    v.                                      Civil No. 19-cv-1245-JD

Richard Tracey[1]

### O R D E R

Janet Marie DelFuoco, who is proceeding pro se, has filed a motion entitled, "Motion for Cause of Action/Investigation of Parties." Construed liberally, the motion seeks the following:

    (1) an investigation, to be conducted by the federal court, of the State of New Hampshire and the parties involved in her criminal trial;

    (2) a correction to the report and recommendation to state that she alleged a wiretap of her home phone and a search of files on her home computer, not a search of her cellphone;

    (3) a ruling that, after this case concludes, she will retain the right to file a civil action for damages and for an apology and that parties who broke the law will face criminal charges; and

    (4) to provide notice that she is willing to participate in mediation of her claims.

### Discussion

I. Federal Investigation

DelFuoco asks the court to conduct a federal investigation of the State of New Hampshire and the parties who were involved

---

[1] Pursuant to the court's preliminary review under 28 U.S.C. § 1915(e), the other defendants and the claims against them have been dismissed from the case. See July 8, 2020 Order (Doc. No. 8) (approving Report and Recommendation (Doc. No. 3)).

in her criminal trial.  The authority to investigate and prosecute violations of federal law is vested in the Executive Branch, not the courts.  United States v. Nixon, 418 U.S. 683, 693 (1974)); Gonzalez v. United States, 814 F.3d 1022, 1028 (9th Cir. 2016); Jackson v. Red Hills Oral & Facial Surgery, PA, 2020 WL 1124764, at *5 (N.D. FL. Jan. 14, 2020); O'Neal v. United States of America, Inc., 2019 WL 330140, at *1 (N.D. Ala. Jan. 25, 2019).  In addition, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).  DelFuoco's request also implicates the protection afforded to states by sovereign immunity.  See, e.g., Allen v. Cooper, 140 S. Ct. 994, 1000 (2020) (explaining sovereign immunity); Sinapi v. R.I. Bd. of Bar Examiners, 910 F.3d 544, 553 (1st Cir. 2018).

DelFuoco's request to have the court conduct an investigation of the State of New Hampshire and the parties involved in her criminal trial is denied.

II. Correction

The June 24, 2020, report and recommendation summarizes DelFuoco's complaint and identifies the claims that may be litigated against defendant Richard Tracey, an investigator with the New Hampshire Attorney General's Office.  The magistrate judge understood that some of DelFuoco's claims arose from a

2

search of her cellphone.  In her motion, DelFuoco clarifies that she is alleging that her home telephone was wiretapped and her home computer files were searched, not her cellphone.  She asks the court to correct that part of the report and recommendation that refers to her cellphone.

The recitation of Claims 3(a)-(c) is revised, as follows (with the corrections in bold type and deletions struck):

> 3.   Mr. Tracey unreasonably and improperly sought, obtained, and executed warrants to search Ms. DelFuoco's Facebook account, ~~and cell~~ **home** phone, **and home computer**, based on Ms. DelFuoco's exercise of her First Amendment rights to free speech and to freely exercise her religion, in violation of Ms. DelFuoco's Fourth Amendment rights:
>
>     a.   to be secure in her property,
>
>     b.   to privacy, and
>
>     c.   not to be subject to malicious prosecution.

III.   Future Claims and Charges

DelFuoco seeks a ruling that she will be able to file a new lawsuit for damages and to request an apology after this case is resolved.  She also asks for "the parties who broke laws to face charges."  Doc. 7, at *1.  Article III courts, including this court, do not issue advisory opinions, such as opinions about the viability of any claims DelFuoco may bring at a later time or about criminal charges that might be brought against any party named in the complaint in this case.  See, e.g., Laird v. Tatum, 408 U.S. 1, 14 (1972); Eves v. LePage, 927 F.3d 575, 590

3

(1st Cir. 2019); U.S. Ex rel. Gabois v. PharMerica Corp., 809 F.3d 1, 8 (1st Cir. 2015); Gilday v. Dubois, 124 F.3d 277, 295 (1st Cir. 1997).

IV. Mediation

DelFuoco provides notice that she is willing to participate in mediation. The court acknowledges DelFuoco's stated interest in mediation but declines to issue any ruling in that regard at this stage of the case.

Conclusion

For the foregoing reasons, DelFuoco's "Motion for Cause of Action/Investigation of Parties" (document no. 7) is granted to the extent that the statement of Claims 3(a)-(c) in the June 24, 2020, report and recommendation (Doc. No. 3), is corrected as is specified in this order, but otherwise the relief requested the motion is denied.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

August 10, 2020

Cc: Janet Marie DelFuoco, pro se.
    Samuel R. V. Garland, Esq.