UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

*************************************
Janet Marie DelFuoco,              *
                                   *
        Plaintiff,                 *
    v.                             *   Case No. 1:19-cv-01245-JD
                                   *
Richard Tracy,                     *
                                   *
        Defendant.                 *
                                   *
*************************************

### DEFENDANT TRACY'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Richard Tracy ("Chief Investigator Tracy"), by and through his counsel, the Office of the New Hampshire Attorney General, hereby moves to dismiss all claims against him in the plaintiff's complaint. In support of this motion, Chief Investigator Tracy states as follows:[1]

### INTRODUCTION

1.      In January of 2018, the plaintiff was charged with four felony counts of criminally threatening a government official (RSA 631:4-a) and one misdemeanor count of criminally threatening another person (RSA 631:4) based on alleged threats, including against sitting state court judges, that the plaintiff had published on her Facebook page. Subsequently she was tried by a jury, and acquitted on all counts. The plaintiff describes the Facebook posts that were at issue in her criminal case as expressing belief in the Wiccan religion and Karma, and the instant action, which seeks money damages pursuant to 42 U.S.C. § 1983, alleges that Chief Investigator Tracy violated the plaintiff's First and Fourth Amendment rights by (a) investigating the Facebook posts and then causing the plaintiff to be arrested and prosecuted based on their

---

[1] No separate memorandum of law in support of this motion is necessary because all the facts and argument necessary for the sought-after relief are contained herein. *See* LR 7.1(a)(2).

contents and (b) improperly seeking, obtaining, and executing a warrant to search the plaintiff's Facebook account and cell phone based on the contents of the posts.  Her claims in this action, however, require that the plaintiff demonstrate that neither the search warrant nor the criminal prosecution was supported by probable cause.  This the plaintiff cannot do, both because a grand jury indicted her on the four felony counts and because the evidence obtained by Chief Investigator Tracy—*i.e.*, direct evidence in the form of the Facebook posts that contained the alleged threats—established probable cause.  For the reasons explained below, the plaintiff's complaint should be dismissed in its entirety.

## ALLEGATIONS OF THE COMPLAINT AND RELEVANT BACKGROUND

2. The facts in this section are taken from the complaint and the documents "fairly incorporated" therein, *Barchock v. CVS Health Corp.*, 886 F.3d 43, 48 (1st Cir. 2018) (internal quotations and citations omitted), or are "matters of public record, [or] facts susceptible to judicial notice."  *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011).

3. The plaintiff was involved in civil litigation in Rockingham County Superior Court with the Granite State Credit Union beginning in 2016.  Compl. (Doc. No. 1, at 3).  According to the plaintiff, the case concerned the credit union's suppression of her efforts to "speak[] publically about banking practices that had caused her significant financial and mental stress."  Compl. (Doc. No. 1, at 3).  The plaintiff used Facebook as a "safe space for [her] to vent" about perceived "injustices" that arose out of that case.  Compl. (Doc. No. 1, at 3).  Three of the plaintiff's Facebook posts led to the criminal prosecution that underlies this civil action.

4. The plaintiff describes the Facebook posts at issue in her criminal case as "explaining her belief in the Wiccan religion and what she believes to be Karma."  Compl. (Doc. No. 1, at 3).  The plaintiff removed the post two hours after she published it, and she believes

that it was "barely seen." Compl. (Doc. No. 1, at 3). Nevertheless, Jody Ducharme, an employee of the Granite State Credit Union, who was "paid . . . to watch [the plaintiff's] [Facebook] page every day, all day" saw the post, and reported it to Chief Investigator Tracy of the New Hampshire Attorney General's Office. Compl. (Doc. No. 1, at 3).

5. Chief Investigator Tracy commenced an investigation into whether the plaintiff's Facebook posts constituted criminal threatening of a government official pursuant to RSA 631:4-a. Compl. (Doc. No. 1, at 3). Chief Investigator Tracy called the plaintiff the day after she made the post, and "wanted to know what it meant." Compl. (Doc. No. 1, at 3). According to the plaintiff, she explained that it was "nothing but a karma post." Compl. (Doc. No. 1, at 3). The plaintiff asserts that Chief Investigator Tracy's investigation continued over the course of approximately one year and "included two search warrants to Face book and her phone that where [*sic*] kept sealed from her knowledge." Compl. (Doc. No. 1, at 3).

6. The investigation culminated in a grand jury proceeding in January of 2018, and the plaintiff was indicted on four felony counts of criminal threatening of a government official pursuant to RSA 631:4-a. **Exhibit A** at 1-8.[2]

7. Specifically, the grand jury indicted the plaintiff on two felony counts of criminal threatening of Judge Mark Weaver of the New Hampshire Circuit Court, and two felony counts of criminal threatening of Judge David Anderson of the New Hampshire Superior Court. **Exhibit A** at 1-8.

8. The grand jury indictment for the first felony count, relating to an alleged threat to commit a crime against Judge Weaver, read as follows:

---

[2] Copies of the felony indictments and misdemeanor information are attached hereto as **Exhibit A**. The month and day of the plaintiff's date of birth have been redacted in each instance that they appear in the exhibit.

THE GRAND JURORS FOR THE STATE OF NEW HAMPSHIRE, upon oath, present that **JANET DELFUOCO** . . . of Northwood, in the State of New Hampshire, on or about February 5, 2017, at Northwood, in the County of Rockingham, aforesaid, did commit the crime of **HARM OR THREATS TO CERTAIN GOVERNMENT OFFICIALS** (RSA 631:4-a) in that Janet Delfuoco purposely threatened to commit a crime against a member of the judiciary in retaliation for action taken as part of that official's government duties, in that, in statements Janet Delfuoco posted on Facebook she threatened Judge Mark Weaver of the New Hampshire Circuit Court in saying,

> Post #1 – "as my aunt just asked me….are you really going to be able to live with yourself with all the pain you are causing your family…my response was yep, let them all die and suffer….hear that Diane…suffer!"
>
> Post #2 – "the judges and that [expletive] attorney are so next…….so so next."
>
> Post #3 – "Donald.. dead, mother just lost it all, Diane sick, husband sick…. next is weaver, Anderson, and gallant i will give you the shirt off my back and heal your diseases, but i am also just as capable of killing you off……don't ever cross me with corruption and greed."

in retaliation for action Judge Mark Weaver took as part of his government duties, said acts being contrary to the form of the statute, in such case made and provided, and against the peace and dignity of the State.

**Exhibit A** at 1.

9. The grand jury indictment for the second felony count, relating to an alleged threat of bodily injury against Judge Weaver, read as follows:

THE GRAND JURORS FOR THE STATE OF NEW HAMPSHIRE, upon oath, present that **JANET DELFUOCO** . . . of Northwood, in the State of New Hampshire, on or about February 5, 2017, at Northwood, in the County of Rockingham, aforesaid, did commit the crime of **HARM OR THREATS TO CERTAIN GOVERNMENT OFFICIALS** (RSA 631:4-a) in that Janet Delfuoco purposely threatened bodily injury against a member of the judiciary in retaliation for action taken as part of that official's government duties, in that, in statements Janet Delfuoco posted on Facebook she threatened Judge Mark Weaver of the New Hampshire Circuit Court in saying,

> Post #1 – "as my aunt just asked me….are you really going to be able to live with yourself with all the pain you are causing your family…my response was yep, let them all die and suffer….hear that Diane…suffer!"
>
> Post #2 – "the judges and that [expletive] attorney are so next…….so so next."

> Post #3 – "Donald.. dead, mother just lost it all, Diane sick, husband sick…. next is weaver, Anderson, and gallant i will give you the shirt off my back and heal your diseases, but i am also just as capable of killing you off……don't ever cross me with corruption and greed."

in retaliation for action Judge Mark Weaver took as part of his government duties, said acts being contrary to the form of the statute, in such case made and provided, and against the peace and dignity of the State.

**Exhibit A** at 3.

10. The grand jury indictments for the two other felony counts pertained to the plaintiff's alleged threats against Judge David Anderson, and were otherwise identical to the indictments described in the two preceding paragraphs. **Exhibit A** at 5, 7. The plaintiff was also charged with one misdemeanor count of criminal threatening of another person pursuant to RSA 631:4. **Exhibit A** at 9.

11. Following a jury trial in April of 2019, the plaintiff was acquitted of all charges. Compl. (Doc. No. 1, at 3).

12. In December of 2019, the plaintiff filed this civil lawsuit seeking monetary damages through the vehicle of 42 U.S.C. § 1983.

13. Upon preliminary review of the plaintiff's *pro se* complaint, the court construed it as asserting two claims against Chief Investigator Tracy. In the first claim, construed by the court as Claim 2, the plaintiff alleges that Chief Investigator Tracy violated her First Amendment rights to free speech and to freely exercise her religion by "investigat[ing] whether [the plaintiff] committed a crime when she published a post on Facebook expressing belief in the Wiccan religion and Karma, and caused [the plaintiff] to be arrested and prosecuted for criminal threatening as a result of the contents of her Facebook post." Doc. No. 3, at 4. In the second claim, construed by the court as Claim 3(a)-(c), the plaintiff alleges that Chief Investigator Tracy unreasonably sought, obtained, and executed warrants to search her Facebook account and cell

phone, "based on [the plaintiff's] exercise of her First Amendment rights to free speech and to freely exercise her religion," in violation of the plaintiff's Fourth Amendment rights to be secure in her property, to privacy, and not to be subject to malicious prosecution. Doc. No. 3, at 4.

14.  For the reasons explained below, the plaintiff's complaint should be dismissed in its entirety.

## ARGUMENT

### I. Standard of Review

15.  When ruling on a Rule 12(b)(6) motion to dismiss, the court "must accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the [plaintiff's] favor." *Lemelson v. Bloomberg Ltd. P'ship*, 903 F.3d 19, 23 (1st Cir. 2018) (internal quotation marks and citation omitted). The court must train its "attention on the non-speculative, non-conclusory facts and reasonable inferences implied by those facts," and then "ask whether it is plausible, as opposed to merely possible, that plaintiff's complaint narrates a claim for relief." *Id.*; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Sepulveda-Villarini v. Dep't of Educ.*, 628 F.3d 25, 29 (1st Cir. 2010).

### II. The complaint fails to state any viable First or Fourth Amendment claim.

16.  To prevail on her claim for retaliatory prosecution in violation of the First Amendment (Claim 2), or her claims for unreasonable search and malicious prosecution in violation of the Fourth Amendment (Claim 3(a)-(c)), the plaintiff must be able to demonstrate that both the search and her prosecution were not supported by probable cause. *See Kean v. City of Manchester*, No. 14-cv-428-SM, 2015 WL 1457641, at *2 (D.N.H. Mar. 30, 2015); *Donovan v. Campbell*, Civil No. 14-cv-277-LM, 2014 WL 3962472, at *2 (D.N.H. Aug. 13, 2014); *Coleman v. Town of Lee*, Civil No. 13-cv-299-LM, 2014 WL 2480091, at *1 (D.N.H. June 3,

2014); *see also Collins v. Univ. of N.H.*, 664 F.3d 8, 14 (1st Cir. 2011) ("When there is probable cause for an arrest, the Fourth Amendment's prohibition against unreasonable searches and seizures is not offended.") (internal quotations and citation omitted).  A grand jury's indictment of the plaintiff for committing a particular crime establishes that there was probable cause to prosecute her for that crime, and therefore precludes successful retaliatory or malicious prosecution claims, unless the plaintiff were to allege that the defendant improperly obtained the indictment.  *Kean*, 2015 WL 1457641, at *2-*4.

17. Here, the grand jury's indictment of the plaintiff on four separate counts of criminal threatening of government officials, in violation of RSA 631:4-a, definitively establishes that there was probable cause to prosecute the plaintiff for those crimes.  Thus, the plaintiff's First and Fourth Amendment claims necessarily fail, unless she were to allege that Chief Investigator Tracy improperly obtained the indictment.  *Kean*, 2015 WL 1457641, at *2-*3.  The complaint, however, contains no specific allegation that Tracy engaged in any impropriety in obtaining the search warrant or in securing the plaintiff's indictment, other than saying that Tracy "already knew" that the Facebook posts that led to the plaintiff's prosecution were "nothing but a karma post," and were thus, according to the plaintiff, valid exercises of her First Amendment rights to free speech and to freely exercise her religion.

18. The problem with this sort of claim of impropriety, however, is that the Facebook posts, as set forth in the relevant indictments, speak for themselves, and established probable cause for the ensuing searches and criminal charges.  As indicated above, the Facebook posts at issue read as follows:

> Post #1 – "as my aunt just asked me….are you really going to be able to live with yourself with all the pain you are causing your family…my response was yep, let them all die and suffer….hear that Diane…suffer!"

>Post #2 – "the judges and that [expletive] attorney are so next…….so so next."

>Post #3 – "Donald.. dead, mother just lost it all, Diane sick, husband sick…. next is weaver, Anderson, and gallant i will give you the shirt off my back and heal your diseases, but i am also just as capable of killing you off……don't ever cross me with corruption and greed."

**Exhibit A** at 1, 3, 5, 7.

19. As described in the indictments, "weaver" was a reference to Judge Mark Weaver of the New Hampshire Circuit Court, and "Anderson" was a reference to Judge David Anderson of the New Hampshire Superior Court. Chief Investigator Tracy was in possession of these Facebook posts at the time he sought and obtained the search warrants and pursued criminal charges against the plaintiff. Compl. (Doc. No. 1, at 3). Such direct evidence established probable cause to obtain and execute a warrant to search the plaintiff's Facebook account and cell phone, and to prosecute the plaintiff for violating the relevant provision of New Hampshire's criminal code. *See* RSA 631:4-a, II ("A person is guilty of a class B felony if he or she threatens bodily injury or threatens to commit any other crime against a sitting member of the general court, an executive councilor, a past or present governor, member of the judiciary, marital master, or member of their immediate family, for the purpose of influencing such official's action or in retaliation for action taken as part of an official's government duties.").

20. In sum, because the felony indictments against the plaintiff established that there was probable cause to prosecute her for violating RSA 631:4-a, II, and the Facebook posts described in the indictment established probable cause to support a search of the plaintiff's Facebook account and cell phone, the plaintiff's claims against Chief Investigator Tracy under the First and Fourth Amendments necessarily fail.

## CONCLUSION

21. Based on the foregoing, Chief Investigator Tracy respectfully submits that the plaintiff's complaint should be dismissed in its entirety.

WHEREFORE, Chief Investigator Tracy respectfully requests that this Court:

    A.    Dismiss the complaint in its entirety; and

    B.    Grant such further relief as this Court deems just and proper.

Respectfully submitted,

RICHARD TRACY

By his attorney,

Gordon J. MacDonald
Attorney General

Dated: August 24, 2020

/s/ Seth M. Zoracki
Seth M. Zoracki, Bar No. 267887
Assistant Attorney General
Samuel R.V. Garland, Bar No. 266273
New Hampshire Department of Justice
Civil Bureau
33 Capitol Street
Concord, NH 03301
(603) 271-3650
seth.zoracki@doj.nh.gov
samuel.garland@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant Tracy's Motion to Dismiss, including the accompanying Exhibit A, was sent by first-class mail on August 24, 2020 to:

Janet DelFuoco
259 Bow Street
Northwood, NH 03261

/s/ Seth M. Zoracki