FILED - USDC-NH
2020 SEP 2 PM 12:58

UNITED STATES DISTRICT COURT
For the
District of New Hampshire

__Janet DelFuoco__
Plaintiff
v.

__Gordon MacDonald, et al__

Case No. 1:19-cv-01245-JD

## MOTION FOR OBJECTION

Know comes plaintiff, Janet DelFuoco of 259 bow St. Northwood NH 03261 to object to the motion filed to dismiss case number 1:19-cv-01245-JD by the state of New Hampshire for the following reasons.

4.18.1623 False Declaration in Grand Jury testimony is against federal law. Within the discovery and trial of Janet Delfuoco, Ms. DelFuoco was able to practice her rights and cross exam the states witnesses. In doing so Ms. DelFuoco proved without a reasonable doubt because she was found not guilty in trial case number 218-2018-CR-00066 that when the state questioned their witnesses she was able to make them back track and take back what they had said as false information and testimony. With this being said and since the practice of grand jury is held in secret Ms. Delfuoco would like to enter into exhibits the following to prove that the attorney generals office not only altered evidence but never took into consideration her first and fourth amendment rights knowing that they were withholding information that could have led to the dismissal to the case. *Morse v fusto,*
07-CV-4793, 2013 2nd circuit court.

First, there was a grand jury hearing months after the initial post and without seeing the spread sheet but having the discovery for the trial the 5th amendment the State of New Hampshire had not only took private property and used it for public use they denied the other people involved in Ms. Delfuocos life including Ms. DelFuoco was deprived of life, liberty, and property and will be seen in the exhibits.

Second, there were no Miranda rights or warning issued of an investigation or arrest pending, the indictment was mailed and the press was notified first before Ms. DelFuoco who found out about it first hand by the associated press phone call.

1:19-cv-01245-JD delfuoco v. NH Attorney General et al

Without seeing such spread sheet but having the discovery in hand there is zero mention that Ms. Delfuoco had spoken with Richard Tracey a few days later about the single post and said it was never a threat it was about karma and explained it thoroughly. Included in exhibits or the fact she was wiccan. Against first Amendment rights. Ms. DelFuoco entered into evidence to the trial court a copy of the call from Richard Tracey and also took the stand in her own defense.

When in pretrial potential jury members came forward and because of the way the prosecutor presented the "post" members had withdrawn saying they had already found Ms. DelFuoco Guilty and couldn't be partial. One must ask if the prosecutor did the same with the grand jury and elaborate the post and other evidence leaving out import information to be partial. Leaving the prosecutor capable of influence *United States v. Scivola,* 766 F.2d 37,44(1st Cir.1985)

## EXIBITS TO BE ENTERED

A spread sheet will be entered with the discovery from the trial of Janet DelFuoco, first and for most the first two exhibits are to ask once and for all the state not write into any motion moving forward saying "cell phone "when the court has corrected that mistake and Ms. DelFuoco entered the warrant for her home phone and internet. (Also, removing information from her computer).

Second, the post and the original post unaltered. One post the time and comments section was whiten out making it look like it was three separate posts when indeed it was one post with three Comments. This along with another post entered by the prosecutors. At trial and in discovery a post that Jody Ducheme testified first on the witness stand, the post "hello stalker" was meant for her and the credit union when in fact the original post and the one in trial Ms. Delfuoco pointed out it was addressed to her ex and a few others ( her family). The witness assumed and testified I knew the credit union hired someone to stalk me and my every move. This is an allegation and not a fact. Also because the opposing attorney for the state should have copies of all discoveries I emailed them and asked they look at the reference pages.

19-cv-1245-JD DelFuoco v. N.H. Attorney General et. Al

## CONCLUSION

Based on the facts and wanting to move forward with due process, Ms. DelFuoco ask the Court to allow a hearing and right to proceed under the color of law and constitutional rights of

Ms. DelFuoco to be allowed to enter next phase and right to file a lawsuit against the state of New Hampshire not only for Malicious prosecution but also for taking away her rights of first and fourth amendment rights. This, which caused her great physical distress of enhanced chronic pain issues and stage one cancer.( In which the state knew about).

Also, taking away from her liberty to rights of privacy and defamation of character and reputation, she has a black mark on her permanently because of news covered and google app.

WHEREFORE, Janet DelFuoco respectfully request that this court:

A. Move forward with trial
B. Grant such further relief as this Court deems just and proper.

Respectfully submitted,

Janet DelFuoco

Dated: Sept 3,2020

Janet DelFuoco
259 Bow St.
Northwood NH 03261
603-608-8391

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the plaintiff's motion for objection was sent to Seth M. Zoracki

Of concord NH attorney generals office first class.