UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

*************************************
Janet Marie DelFuoco,           *
                                *
        Plaintiff,              *
v.                              *   Case No. 1:19-cv-01245-JD
                                *
Richard Tracy,                  *
                                *
        Defendant.              *
                                *
*************************************

**REPLY MEMORANDUM IN FURTHER SUPPORT
OF DEFENDANT TRACY'S MOTION TO DISMISS**

As explained in Defendant Tracy's motion to dismiss, both the search warrant issued to Facebook and the plaintiff's arrest and prosecution for multiple counts of criminal threatening of a government official were supported by probable cause, thus defeating each of the plaintiff's claims against Defendant Tracy in this case. Nothing in the plaintiff's objection alters that conclusion. Defendant Tracy's motion to dismiss should be granted.

In opposing the motion to dismiss, the plaintiff first relies on the Second Circuit's decision in *Morse v. Fusto*, 804 F.3d 538 (2d Cir. 2015), a case in which the plaintiff alleged that the prosecuting attorney and his investigator fabricated evidence by "knowingly creat[ing] false or misleading billing summaries that were determined to be material to the grand jury's decision to indict." *Id.* at 547. Here, however, there is nothing in the plaintiff's complaint or in her objection that could be fairly read to allege that Defendant Tracy fabricated evidence that was presented to the grand jury. The plaintiff's reliance on *Morse* is misplaced.

Next, the plaintiff appears to challenge the way the prosecutors in her underlying criminal case allegedly presented certain evidence to the grand jury or jury. *See, e.g.*, ECF Doc. No. 15 at

2 (taking issue with the way the prosecutors presented evidence concerning the plaintiff's Facebook post to the jury, and speculating that the prosecutors "did the same with the grand jury and elaborate the post and other evidence leaving out import information to be partial"), at 2 (taking issue with the way the prosecutors presented certain Facebook posts and entered them into evidence at trial). These allegations, which appear to be directed at the prosecuting attorneys, have no bearing on the only claims that survived preliminary review in this case, which are asserted only against Defendant Tracy. In any event, these types of allegations fall squarely within the protections of absolute prosecutorial immunity, as Magistrate Judge Johnstone recognized in her Report and Recommendation in this case. *See* ECF Doc. No. 3 at 7-8; *Celia v. O'Malley*, 918 F.2d 1017, 1020 (1st Cir. 1990) ("The presentation of evidence to a grand jury and the decision to try a defendant for a particular crime is at the heart of [the criminal justice] system."); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (absolute prosecutorial immunity attaches to "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made"); *Wooten v. Roach*, 964 F.3d 395 (5th Cir. 2020) ("But appearing before a grand jury to present evidence and obtain an indictment is the function of an advocate for the state to which prosecutorial immunity attaches."). Thus, the assertions in the plaintiff's objection about how evidence was presented to the grand jury do not support her claims against Defendant Tracy, and do not otherwise give rise to any viable claim.

At bottom, it appears that the plaintiff's claims against Defendant Tracy boil down to the plaintiff's disagreement with the prosecutorial decisions to investigate her and obtain search

warrants for her Facebook account and home phone,[1] after she allegedly explained to Defendant Tracy and others that the Facebook post that led to her arrest and prosecution "was about karma" and "the fact she was wiccan." ECF Doc. No. 15 at 2. The grand jury indictments of the plaintiff for the crime of criminal threatening of a government official, however, conclusively established that there was probable cause to prosecute her for those crimes, *see Kean v. City of Manchester*, No. 14-cv-428-SM, 2015 WL 1457641, at *2-*3 (D.N.H. Mar. 30, 2015), thus defeating her claims in this case.

Finally, to the extent the plaintiff is alleging, in support of her Fourth Amendment claim, that Defendant Tracy did not reveal the portion of the statement she gave—that her Facebook post was about "the fact she was wiccan" and not an actual threat a physical harm—in obtaining the Facebook search warrant, it is belied by the documents attached to her objection, which include a copy of Defendant Tracy's affidavit in support of the warrant.[2] *See* ECF Doc. No. 15-1 at 138 (stating that "Delfuoco claimed to be a practicing witch and said that the threats contained in her statements were not threats of physical harm but threats of a witchcraft curse which would lead to the cursed person's death").

---

[1] Although the plaintiff's submissions in this case have referred to a "search warrant" to review records for her home phone, the exhibits attached to the plaintiff's objection reflect that the plaintiff is actually referring to a *subpoena* that the prosecuting attorney (not Defendant Tracy) issued to Fairpoint Communications in order to obtain subscriber information associated with a certain IP address. *See* ECF Doc. No. 15-1 at 5 ("Phone subpoena, my HOME PHONE, not cell phone."); ECF Doc. No. 15-1 at 133-34 (subpoena duces tecum issued by prosecuting attorney to Fairpoint Communications, Inc. for subscriber records for a certain IP address).

[2] It also bears emphasis that the evidence set forth in the Defendant Tracy's affidavit, *see* ECF Doc. No. 15-1 at 137-40, clearly supported the existence of probable cause. *See District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. Probable cause is not a high bar.") (internal quotations and citations omitted). The plaintiff's statements that her Facebook posts were "about karma," rather than actual threats of physical harm, did not negate probable cause. *See Paez v. Mulvey*, 915 F.3d 1276, 1286 (11th Cir. 2019) (in deciding whether probable cause exists, law enforcement officer is "not required to sift through conflicting evidence or resolve issues of credibility, so long as the totality of the circumstances present a sufficient basis for believing that an offense has been committed") (internal quotations and citation omitted).

Based on the foregoing, Defendant Tracy respectfully submits that this Court should grant his motion to dismiss.

Respectfully submitted,

RICHARD TRACY

By his attorney,

Gordon J. MacDonald
Attorney General

Dated: September 11, 2020

/s/ Seth M. Zoracki
Seth M. Zoracki, Bar No. 267887
Assistant Attorney General
Samuel R.V. Garland, Bar No. 266273
New Hampshire Department of Justice
Civil Bureau
33 Capitol Street
Concord, NH 03301
(603) 271-3650
seth.zoracki@doj.nh.gov
samuel.garland@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by first-class mail on September 11, 2020 to:

Janet DelFuoco
259 Bow Street
Northwood, NH 03261

/s/ Seth M. Zoracki