UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Janet Marie DelFuoco

     v.                              Civil No. 19-cv-1245-JD
                                              Opinion No. 2020 DNH 165

Richard Tracy[1]

O R D E R

Janet Marie DelFuoco, who is proceeding pro se and in forma pauperis, brings claims under 42 U.S.C. § 1983, alleging that Richard Tracy violated her First Amendment rights by investigating her Facebook post and that he violated her First and Fourth Amendment rights by obtaining and executing search warrants for her Facebook account and home telephone and computer.[2]  Tracy moves to dismiss the claims.  DelFuoco objects to the motion to dismiss.

Standard of Review

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court accepts the well-pleaded

---

[1] Although the defendant is identified in the complaint as "Richard Tracey," the correct spelling of his last name appears to be Tracy.

[2] Pursuant to the court's preliminary review under 28 U.S.C. § 1915(e), the other defendants and the claims against them have been dismissed from the case.  See July 8, 2020 Order (Doc. No. 8) (approving Report and Recommendation (Doc. No. 3)).

factual allegations in the complaint as true and construes reasonable inferences in the plaintiff's favor. Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019). "To withstand a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." Rios-Campbell v. U.S. Dept. of Commerce, 927 F.3d 21, 24 (1st Cir. 2019). The purpose of the plausibility standard is to "weed out cases that do not warrant either discovery or trial." Id.

Ordinarily, a motion to dismiss is decided based on the well-pleaded facts alleged in the complaint. Flores v. OneWest Bank, F.S.B., 886 F.3d 160, 167 (1st Cir. 2018). Nevertheless, the court may also "consider extrinsic documents, such as documents the authenticity of which are not disputed by the parties; official public records; documents central to the plaintiff's claim; and documents sufficiently referred to in the complaint without turning the 12(b)(6) motion into a motion for summary judgment." Newman v. Lehman Bros. Holdings Inc., 901 F.3d 19, 25 (1st Cir. 2018).

In support of the motion to dismiss, Tracy submitted copies of the criminal indictments and the information brought against DelFuoco. DelFuoco refers to the indictments and the prosecution in the complaint. Therefore, the court will consider those documents provided by Tracy with his motion.

2

DelFuoco submitted 152 pages of exhibits, beginning with
her explanation of each exhibit.  The exhibits include copies of
transcripts of interviews with people named in and involved with
the Facebook post, interviews with others who had interactions
with DelFuoco, a transcript of a telephone interview of DelFuoco
by Tracy, copies of the Facebook posts at issue in the
prosecution and other Facebooks posts by DelFuoco that appear to
have been exhibits in the criminal case against her, copies of
emails that appear to be from Tracy's investigation, copies of
letters from DelFuoco's medical and dental care providers,
copies of DelFuoco's home telephone records, and copies of
applications for warrants to search DelFuoco's accounts on
Facebook and YouTube.  Ordinarily, much of that information
would not be considered for purposes of a motion to dismiss.
Tracy, however, does not object to the submitted documents and
relies on some of the information in his reply.  Therefore, the
court will consider those documents for purposes of the motion
to dismiss.

## Background

DelFuoco was involved in litigation with the Granite State
Credit Union beginning in 2016.  She alleges that their banking
practices caused her financial and mental stress.  She also
alleges that she made posts on Facebook "to vent because of all

3

the injustices done." Doc. 1, at 3. It appears that Attorney
Clifford Gallant represented Granite State Credit Union in that
litigation.

One Sunday afternoon, a Granite State Credit Union employee
found DelFuoco's post on Facebook about two New Hampshire judges
and an attorney.[3] DelFuoco alleges that she removed the post
after two hours.[4] The posts were brought to the attention of
Richard Tracy, Chief Investigator with the New Hampshire Office
of the Attorney General.[5] DelFuoco alleges that Tracy was
familiar with her "because he had several interactions with
[her] because of her ex husband . . . and a loan scam with
G.S.C.U. [Granite State Credit Union]." Id.

Tracy called DelFuoco and asked her what the post meant.
She said it was "nothing but a karma post." Id. DelFuoco
alleges that despite her explanation, Tracy then investigated
the post. She alleges that the investigation included two
sealed search warrants to obtain information from Facebook in

---

[3] DelFuoco does not allege the date when she made the post.
Based on DelFuoco's exhibits, it appears to have been made in
early February of 2017.

[4] DelFuoco contends she made one post with three statements
rather than three separate posts. Because the difference is not
material for purposes of the motion to dismiss, the court will
refer to the statements as one post.

[5] Because of past incidents, a marketing manager at Granite
State Credit Union regularly monitored DelFuoco's Facebook page
and brought the post to Tracy's attention.

March of 2017 and a search warrant for DelFuoco's home phone.[6]
DelFuoco alleges that the materials obtained from the search
warrants included posts and videos of her "speaking freely of
the family court system and civil court and all the laws under
the New Hampshire judicial that have been broken and the state
was ignoring the complaints."  Id. at 5.

On January 5, 2018, a New Hampshire grand jury indicted
DelFuoco on charges of threatening two judges, Mark Weaver of
the New Hampshire Circuit Court and David Anderson of the New
Hampshire Superior Court, in violation of RSA 631:4-a.
DelFuoco's Facebook post, which was the basis for the charges,
is provided in the indictments, as follows:

> Post #1 – "as my aunt just asked me. . . .  are you
> really going to be able to live with yourself with all
> the pain you are causing your family . . . .  my
> response was yep, let them all die and suffer hear
> that Diane . . . suffer!"
>
> Post #2 – "the judges and that [expletive] attorney
> are so next . . . . . so so next."
>
> Post #3 – "Donald . . dead, mother just lost it all,
> Diane sick, husband sick . . . next is weaver,
> Anderson, and gallant i will give you the shirt off my
> back and heal your diseases, but i am also just as
> capable of killing you off . . . .  don't ever cross
> me with corruption and greed."

---

[6] DelFuoco filed a motion to correct the report and
recommendation, asserting that she was alleging that her home
telephone was "wired," which gave "the A.G. access to her home
computer."  Doc. no. 7, at *1.  The documents submitted by
DelFuoco in support of her objection to the motion to dismiss
show that the prosecutor issued a subpoena duces tecum to
Fairpoint Communications for DelFuoco's customer records.

Doc. 14-1, at 1.[7]  She also was charged in an information with criminal threatening of an attorney, Clifford Gallant, in violation of RSA 631:4.  She was tried and found not guilty on all of the charges.

In her complaint, DelFuoco characterizes her Facebook post as a karma post.  She states that she was explaining her belief in the Wiccan religion.  Pursuant to preliminary review, DelFuoco's claims against Tracy are as follows:

> 2.   AG's Office Investigator Richard Tracy violated Ms. DelFuoco's First Amendment rights to free speech and to freely exercise her religion, in that Mr. Tracy investigated whether Ms. DelFuoco committed a crime when she published a post on Facebook expressing belief in the Wiccan religion and Karma, and caused Ms. DelFuoco to be arrested and prosecuted for criminal threatening as a result of the contents of her Facebook post.
>
> 3. Mr. Tracy unreasonably and improperly sought, obtained, and executed warrants to search Ms. DelFuoco's Facebook account, home phone, and home computer, based on Ms. DelFuoco's exercise of her First Amendment rights to free speech and to freely exercise her religion, in violation of Ms. DelFuoco's Fourth Amendment rights:
>     a. to be secure in her property,
>     b. to privacy, and
>     c. not to be subject to malicious prosecution.

---

[7] The indictment shows the statements as three posts, while, as is noted above, DelFuoco contends it was one post with three statements.  The difference is not material.

<u>Discussion</u>

Tracy moves to dismiss DelFuoco's claims on the ground that she cannot show that the investigation, including the searches, and prosecution lacked probable cause.  In support, Tracy relies on the grand jury indictments to show that probable cause existed to support the investigation, searches, and prosecution. DelFuoco argues that the grand jury's indictments were obtained based on incomplete and wrongly obtained information and that probable cause was lacking.

A.   <u>Investigation of Criminal Conduct</u>

Tracy investigated DelFuoco after she posted statements on Facebook that were deemed to be threats against two New Hampshire judges and an attorney.  In Claim 2, as construed on preliminary review, DelFuoco alleges that Tracy's investigation caused her to be arrested and prosecuted on charges of threatening, which violated her First Amendment rights to freedom of speech and freedom to exercise her religion, Wiccan.

There is no constitutional right not to be investigated by an authorized agency for suspected violations of the law. Aponte v. Calderon, 284 F.3d 184, 193 (1st Cir. 2002) (citing SEC v. Jerry T. O'Brien, Inc., 467 U.S. 735 (1984)); Spreadbury v. Bitterroot Public Library, 862 F. Supp. 2d 1054, 1057 (D. Mont. 2012).  Therefore, to the extent DelFuoco claims that she

had a constitutional right not to be investigated, the claim

fails.


B.  Arrest and Prosecution

DelFuoco alleges that Tracy's investigation lead to her

arrest and prosecution.  She does not allege, however, that

Tracy, who is an investigator and not a police officer or a

prosecutor, arrested or prosecuted her.  Those decisions were

made by others.  DelFuoco has not shown that Tracy is liable for

the decisions to arrest and prosecute her.

Even if Tracy were deemed to be involved in DelFuoco's

arrest and prosecution and that his involvement could be a basis

for liability, the claim would fail.  An essential element of

claims of arrest and prosecution in retaliation for exercising

First Amendment rights is that the arrest and prosecution lacked

probable cause.[8] Nieves v. Bartlett, 138 S. Ct. 1715, 1725

(2019).  Probable cause exists when an officer or prosecutor

"acting upon apparently trustworthy information, reasonably can

conclude that a crime has been or is about to be committed and

that the suspect is implicated in its commission."  United

States v. Merritt, 945 F.3d 578, 583 (1st Cir. 2019).

---

[8] DelFuoco alleges no facts that would raise the narrow
exception that may apply when probable cause exists but the
arrest is wholly discretionary.  Nieves, 139 S. Ct. at 1727.

A grand jury returned indictments against DelFuoco based on her Facebook post, which establishes a presumption of probable cause. Gonzalez Rucci v. I.N.S., 405 F.3d 45, 49 (1st Cir. 2005). Although that presumption may be rebutted by showing that the indictment was wrongfully obtained, DelFuoco alleges no facts to show that happened in her case. See id. Her arguments in her objection that the indictments were improperly obtained because the grand jury was not informed of her explanation of the Facebook post do not invalidate them. See United States v. Williams, 504 U.S. 36, 52 (1992).

Because a grand jury returned facially valid indictments against DelFuoco on the charges of threatening the judges, probable cause existed to support her arrest and prosecution.[9] Therefore, DelFuoco's allegations are not sufficient to support Claim 2 against Tracy.

C.  Search Warrants

In Claim 3, DelFuoco alleges that Tracy improperly sought and obtained warrants to search her Facebook account, her home telephone, and her computer in violation of her First and Fourth Amendment rights. "The Fourth Amendment requires that search

---

[9] A not guilty verdict on a charge does not establish that the arresting officer or the prosecutor lacked probable cause to support the arrest and prosecution. Gillis v. Chase, 894 F.3d 1, 3 (1st Cir. 2018).

warrants be issued only upon a showing of probable cause."
United States v. Mendoza-Maisonet, 962 F.3d 1, 17 (1st Cir.
2020).  Probable cause for a search warrant exists "when the
totality of the circumstances create a fair probability that
contraband or evidence of a crime will be found in a particular
place." United States v. Adams, --- F.3d ---, 2020 WL 4783898,
at *4 (1st Cir. Aug. 18, 2020); see also United States v.
Tanguay, 787 F.3d 44, 49 (1st Cir. 2015); United States v.
Schaefer, 87 F.3d 562, 565 (1st Cir. 1996).  An affidavit
submitted in support of a search warrant "must demonstrate
probable cause in some trustworthy fashion." Adams, 2020 WL
4783898, at *5.

 Tracy contends that DelFuoco's Facebook post, which was the
basis for the search warrants, establishes that probable cause
existed to support the search warrants.[10]  RSA 631:4-a, II, which
pertains to the threats against the judges, provides:

---

[10] In Exhibit K, DelFuoco provides copies of documents that
she describes as a subpoena and search warrants.  Doc. 15-1, at
125-134.  Exhibit K actually includes part of Tracy's
investigation and arrest report, dated December 5, 2017; a
subpoena duces tecum from the Office of the Attorney General
(N.H.) to Fairpoint Communications, Inc., seeking subscriber
records for a specific IP address that showed DelFuoco was the
customer; and the response from the custodian of records for
Fairpoint.  Exhibit L includes search warrants for DelFuoco's
Facebook and YouTube accounts with the supporting affidavits and
other information and pages from the continuation of Tracy's
investigation report, dated February 9, February 15, and April
20, 2017.  Doc. 15-1, at 136-152.

> A person is guilty of a class B felony if he or she
> threatens bodily injury or threatens to commit any
> other crime against a sitting member of the general
> court, an executive councilor, a past or present
> governor, member of the judiciary, marital master, or
> member of their immediate family, for the purpose of
> influencing such official's action or in retaliation
> for action taken as part of an official's government
> duties.

RSA 631:4(d), which pertains to the threat against the attorney,
provides: "A person is guilty of criminal threatening when: (d)
The person threatens to commit any crime against the person of
another with a purpose to terrorize any person."

DelFuoco wrote: "let them all die and suffer," "the judges
and that [expletive] attorney are so next . . . . . so so next,"
"next is weaver, Anderson, and gallant," and i am also just as
capable of killing you off . . . . don't ever cross me with
corruption and greed." Those statements appear to be threats to
kill the judges and the attorney. As such, DelFuoco's Facebook
post, which was provided in support of the search warrant
applications, shows a likelihood that she threatened Judges
Weaver and Anderson and Attorney Gallant with death in violation
of the cited statutes. In addition, the grand jury found
probable cause to indict DelFuoco for threatening the judges
based on those statements.

Because probable cause existed to support the search
warrants, DelFuoco has not alleged facts to show that her Fourth

Amendment rights were violated by the searches of her Facebook account, home telephone, and computer.

D.  Summary

    DelFuoco has not alleged facts that show Tracy violated her First Amendment rights by investigating her for criminal conduct based on her Facebook post.  She also has not alleged facts to support her claim that Tracy violated the First and Fourth Amendment rights by searching her Facebook account and records for her home telephone and computer.  Therefore, her complaint does not state plausible claims against Tracy.

                          Conclusion

    For the foregoing reasons, Richard Tracy's motion to dismiss (document no. 14) is granted.  Dismissal of Claims 2 and 3 resolves the remaining claims, and the case is dismissed in its entirety.

    The clerk of court shall enter judgment accordingly and close the case.

    SO ORDERED.

                              Joseph A. DiClerico, Jr.
                              Joseph A. DiClerico, Jr.
                              United States District Judge

September 22, 2020
cc:  Janet Marie DelFuoco, pro se.
     Seth Michael Zuracki, Esq.
     Samuel R. V. Garland, Esq.

                              12