UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Janet Marie DelFuoco

   v.                          Civil No. 19-cv-1245-JD

Richard Tracy

O R D E R

    Janet Marie DelFuoco, who is proceeding pro se and in forma pauperis, brought claims under 42 U.S.C. § 1983, alleging that Richard Tracy violated her First Amendment rights by investigating her Facebook post and that he violated her First and Fourth Amendment rights by obtaining and executing search warrants for her Facebook account and home telephone and computer.  Her claims against other defendants were dismissed on preliminary review.  Tracy moved to dismiss, and the motion was granted.

    DelFuoco has filed a surreply, which arrived after the deadline and after the order granting the motion to dismiss issued.[1]  See LR 7.1(e)(3); Fed. R. Civ. P. 6(d).  Because of DelFuoco's pro se status, the court has considered her surreply.  For the reasons that follow, the surreply does not change the decision to grant Tracy's motion to dismiss.

---

[1] The filing is titled "Answer and Response to Filing by Defendant."  Doc. no. 18.  The court construes the filing to be a surreply.

The background of this case is provided in more detail in the court's prior order, document no. 17.  In summary, DelFuoco's claims arose from her prosecution on charges of threatening two New Hampshire state court judges and a New Hampshire attorney, which were based on her statements in a Facebook post.  Following preliminary review, DelFuoco alleged two claims against Tracy:

> 2.   AG's Office Investigator Richard Tracy violated Ms. DelFuoco's First Amendment rights to free speech and to freely exercise her religion, in that Mr. Tracy investigated whether Ms. DelFuoco committed a crime when she published a post on Facebook expressing belief in the Wiccan religion and Karma, and caused Ms. DelFuoco to be arrested and prosecuted for criminal threatening as a result of the contents of her Facebook post.
>
> 3. Mr. Tracy unreasonably and improperly sought, obtained, and executed warrants to search Ms. DelFuoco's Facebook account, home phone, and home computer, based on Ms. DelFuoco's exercise of her First Amendment rights to free speech and to freely exercise her religion, in violation of Ms. DelFuoco's Fourth Amendment rights:
>     a. to be secure in her property,
>     b. to privacy, and
>     c. not to be subject to malicious prosecution.

The court granted Tracy's motion to dismiss on the grounds that the grand jury's indictments against DelFuoco on the threatening charges and the statements in the post established probable cause for her arrest and prosecution and the post provided probable cause for the search warrants.

In her surreply, DelFuoco contends that she did not say that prosecutors falsified the "discovery" that she included with her objection to the motion to dismiss but that the "discovery" was falsified by New Hampshire Attorney General's office, including Tracy. She does not cite specific examples of falsified information in the "discovery". DelFuoco, however, did not allege in her complaint and has not shown that any evidence presented to the grand jury was falsified. Therefore, her surreply does not undermine the court's conclusion that the indictments show that probable cause existed for her arrest and prosecution on threatening charges.

Instead of showing that falsified information was presented to the grand jury, DelFuoco contends that <u>defense counsel</u> made a false statement in his reply to her objection to the motion to dismiss. The identified false statement is that Tracy obtained the search warrants based on "a statement made by the plaintiff 'witchcraft causes Death.'" Doc. 18, at *1. She asks the court to warn defense counsel that "falsified comments without proof" will result in censure. <u>Id.</u>

DelFuoco is mistaken. Defense counsel simply quoted the affidavit submitted by Tracy in support of his application for a warrant to search DelFuoco's Facebook account, citing the materials that DelFuoco provided with her objection. At the cited page and paragraph, Tracy wrote: "Delfuoco [sic]

3

claimed to be a practicing witch and said that the threats contained in her statements were not threats of physical harm but threats of a witchcraft curse which would lead to the cursed person's death." Doc. 15-1, at *138, ¶ 15.  Therefore, DelFuoco's quote in her surreply is inaccurate, and she has not alleged or shown that she did not make that statement to Tracy.

Even if DelFuoco could show she did not make the statement about witchcraft, it is not material to her claims.  As discussed in the prior order, the Facebook post itself provided probable cause to support the search warrant.  Therefore, her surreply does not change the result in the prior order.

## Conclusion

DelFuoco's surreply has been considered and does not change the outcome in this case.  Her request related to allegedly false statements is denied.

The clerk of court shall enter judgment based on the prior order (document no. 17) and this order and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 23, 2020

cc:  Janet Marie DelFuoco, pro se
     Samuel R.V. Garland, Esq.
     Seth Michael Zoracki, Esq.