UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
*************************************
Janet Marie DelFuoco,                *
                                     *
          Plaintiff,                 *
     v.                              *   Case No. 1:19-cv-01245-JD
                                     *
Richard Tracy,                       *
                                     *
          Defendant.                 *
                                     *
*************************************
```

## OBJECTION TO MOTION FOR RECONSIDERATION

Richard Tracy, by and through the New Hampshire Office of the Attorney General, objects to plaintiff Janet DelFuoco's motion for reconsideration [ECF Doc. No. 21], stating as follows:

1. On October 23, 2020, the Clerk of Court entered judgment on this Court's orders dismissing Ms. DelFuoco's claims in their entirety.  *See* ECF Doc. No. 20.

2. Thereafter, Ms. DelFuoco filed a motion requesting reconsideration of the dismissal of her claims against Defendant Tracy.  *See* ECF Doc. No. 21.

3. Federal Rule of Civil Procedure 59(e) governs motions seeking to alter or amend a judgment.  Relief under Rule 59(e) is "granted sparingly."  *Capron v. Office of Attorney Gen. of Mass.*, 944 F.3d 9, 44 (1st Cir. 2019) (citation and quotations omitted).  A party is only entitled to reconsideration under Rule 59(e) if she can show that "the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations."  *Id.* (same omissions).  Rule 59(e) does not provide "a mechanism to regurgitate old arguments previously considered and rejected."  *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (same omissions).  "Unless the court has misapprehended

some material fact or point of law, [a Rule 59(e)] motion is normally not a promising vehicle for revisiting a party's case . . . ." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (citation omitted).

4. Ms. DelFuoco's motion sets forth arguments that she either raised or could have raised in her previous filings. She has not pointed to any manifest error of fact or law that this Court committed in dismissing her claims against Defendant Tracy, nor has she identified any newly discovered evidence that she did not and could not present at an earlier juncture. Indeed, the main thrust of her motion is that she disagrees with this Court's decision to dismiss her claims against Defendant Tracy and asks it to change its mind. This is not an appropriate basis to alter or amend a judgment under Rule 59(e).

5. Nor is Ms. DelFuoco correct in her assertion that Magistrate Judge Johnstone, in conducting preliminary review of her pleadings, found that she had "proved [her] constitutional rights . . . have been violated" or that "she suffered not only mentally but physically and defamation from the press . . . ." ECF Doc. No. 21 at 1. "[T]he fact that a district court does not dismiss a claim under [28 U.S.C.] § 1915A does not mean that the complaint will necessarily withstand a defendant's challenge to its plausibility under Rule 12(b)(6)." *Garewal v. Sliz*, 611 F. App'x 926, 931 (10th Cir. 2015). The "sua sponte screening and dismissal procedure" contained in § 1915A "is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007). Thus, the fact Ms. DelFuoco's claims against Defendant Tracy survived screening in no way precluded this Court from dismissing those claims on a Rule 12(b)(6) motion, much less establish that Ms. DelFuoco had "proved" them.

WHEREFORE, Defendant Tracy respectfully requests that this Honorable Court:

A. Deny Ms. DelFuoco's motion for reconsideration; and

B. Grant such further relief as the Court deems just and equitable.

                                              Respectfully submitted,

                                              RICHARD TRACY

                                              By his attorney,

                                              Gordon J. MacDonald
                                              Attorney General

Dated: October 30, 2020            /s/ *Samuel Garland*
                                              Seth M. Zoracki, Bar No. 267887
                                              Assistant Attorney General
                                              Samuel R.V. Garland, Bar No. 266273
                                              New Hampshire Department of Justice
                                              Civil Bureau
                                              33 Capitol Street
                                              Concord, NH 03301
                                              (603) 271-3650
                                              seth.zoracki@doj.nh.gov
                                              samuel.garland@doj.nh.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent by first-class mail on October 30, 2020 to:

                                              Janet DelFuoco
                                              259 Bow Street
                                              Northwood, NH 03261

                                              /s/ *Samuel Garland*
                                              Samuel R.V. Garland