UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Janet Marie DelFuoco</u>

    v.                               Civil No. 19-cv-1245-JD

<u>Richard Tracy</u>

O R D E R

Janet Marie DelFuoco, who is proceeding pro se and in forma pauperis, brought claims under 42 U.S.C. § 1983, alleging that Richard Tracy violated her First Amendment rights by investigating her Facebook post and that he violated her First and Fourth Amendment rights by obtaining and executing search warrants for her Facebook account and home telephone and computer.[1]  Tracy's motion to dismiss was granted, and judgment has been entered.  DelFuoco now seeks reconsideration of the dismissal of her claims against Tracy, and Tracy objects.

<u>Standard of Review</u>

After judgment has been entered, a party may seek reconsideration under Federal Rule of Civil Procedure 59(e). Reconsideration under Rule 59(e) "is granted sparingly, and only when the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow

---

[1] Her claims against other defendants were dismissed on preliminary review.

situations," such as when the court misapprehended a material fact. Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014); see also Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). A motion for reconsideration will not be granted based on arguments that could have been presented earlier or "old arguments previously considered and rejected." Biltcliffe, 772 F.3d at 930; accord Caribbean Mgmt. Gr., Inc. v. Erikon LLC, 966 F.3d 35, 45 (1st Cir. 2020).

## Discussion

In support of her motion for reconsideration, DelFucoco argues that because her claims against Tracy were allowed on preliminary review under 28 U.S.C. § 1915(e)(2), the court erred in granting Tracy's motion to dismiss. She also argues, again, that her claims are meritorious and that she has evidence to prove them. Tracy objects to the motion on the grounds that DelFuoco has not shown a manifest error of fact of law in the order dismissing her claims.

As allowed on preliminary review, DelFuoco brought the following claims against Tracy:

> 2. AG's Office Investigator Richard Tracy violated Ms. DelFuoco's First Amendment rights to free speech and to freely exercise her religion, in that Mr. Tracy investigated whether Ms. DelFuoco committed a crime when she published a post on Facebook expressing belief in the Wiccan religion and Karma, and caused

    Ms. DelFuoco to be arrested and prosecuted for criminal threatening as a result of the contents of her Facebook post.

    3. Mr. Tracy unreasonably and improperly sought, obtained, and executed warrants to search Ms. DelFuoco's Facebook account, home phone, and home computer, based on Ms. DelFuoco's exercise of her First Amendment rights to free speech and to freely exercise her religion, in violation of Ms. DelFuoco's Fourth Amendment rights:
    a. to be secure in her property,
    b. to privacy, and
    c. not to be subject to malicious prosecution.

Doc. no. 3, at *4-*5.  The court granted Tracy's motion to dismiss on the grounds that probable cause existed to support DelFucoco's arrest and prosecution and the warrants to search her Facebook account, phone, and computer, which precluded her claims.[2]

A.  Preliminary Review

    Preliminary review under § 1915(e)(2) is a sua sponte screening of a complaint filed by a pro se plaintiff who has been given leave to proceed in forma pauperis.  That review does not preclude a defendant from moving to dismiss on grounds not considered during the screening process.  Hunt v. Martinez, 2020 WL 564815, at *3 (E.D. Cal. Feb. 5, 2020); Heard v. Parker, 2018

---

    [2] The court also noted that there is no constitutional right not to be investigated for potential offenses and that DelFuoco did not allege that Tracy arrested or prosecuted her.

3

WL 6435863, at *4 (M.D. Tenn. Dec. 6, 2018); Pona v. Weeden, 2017 WL 3279012, at *3, n.7 (D.R.I. June 29, 2017); Owusu v. Bank of Am., N.A., 2016 WL 4742487, at *2, n.4 (W.D. Wash. Aug. 9, 2016); Paladino v. Newsome, 2013 WL 3270987, at *4 (D.N.J. June 27, 2013). In this case, Tracy raised issues in his motion to dismiss that were not considered for purposes of screening, and therefore, the magistrate judge's decision did not preclude the motion to dismiss.³

B.  Other Arguments

DelFuoco's other arguments rehash her version of events and her incorrect theories of why she should not have been investigated, charged, and prosecuted for criminal threatening.⁴

---

³ To the extent DelFuoco argues that the court did not consider the voluminous materials she filed with her objection to the motion to dismiss, she is mistaken. See doc. no. 17, at *3.

⁴ DelFuoco's Facebook post, which was the basis for the investigation, charges, and prosecution, included the following statements:
  Post #1 – "as my aunt just asked me. . . . are you really going to be able to live with yourself with all the pain you are causing your family . . . . my response was yep, let them all die and suffer hear that Diane . . . suffer!"
  Post #2 – "the judges and that [expletive] attorney are so next . . . . . so so next."
  Post #3 – "Donald . . dead, mother just lost it all, Diane sick, husband sick . . . next is weaver, Anderson, and gallant i will give you the shirt off my back and heal your diseases, but i am also just as capable of killing you off . . . . don't ever cross me with corruption and greed." Doc. no. 17, at *5.

4

The reasons for granting Tracy's motion to dismiss are discussed thoroughly in the order and need not be repeated here.  See doc. no. 17.  DelFuoco has not shown viable grounds for reconsideration of the order granting Tracy's motion to dismiss.

## Conclusion

For the foregoing reasons, the plaintiff's motion for reconsideration (document no. 21) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

November 10, 3020

cc:  Janet Marie DelFuoco, pro se.
     Samuel R. V. Garland, Esq.
     Seth Michael Zuracki, Esq.